UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTIAN BAEZ,

                Plaintiff,      **ATTORNEY AFFIDAVIT**
                                          **Civil Case No. 16-CV-00853 (GLS/DJS)**

-against-

CITY OF SCHENECTADY and City of Schenectady Police
Officers JOSEPH LIMA, JONATHAN E. MOORE,
GARY RELATION and CHRISTOPHER SEMIONE,
individually and/or as agents, servants, and/or employees of
the City of Schenectady,

                Defendants.

---

STATE OF NEW YORK  )
                               )ss.:
COUNTY OF ALBANY    )

        **WILLIAM C. FIRTH, ESQ.**, being duly sworn, deposes and says:

        1.     I am counsel to the law firm of Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., attorneys for defendants City of Schenectady, Joseph Lima, Jonathan E. Moore, Gary Relation, and Christopher Semione ("defendants"). As such, I am fully familiar with the facts and circumstances set forth herein by way of my review of the file maintained by this office.

        2.     I submit this affidavit in support of defendants' motion—pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, and brought by order to show cause pursuant to N.D.N.Y. L.R. 83.5—seeking an order holding nonparties Tanasia L. Young and Efrain J. Beniquez in contempt of court[1] in light of their failure to obey subpoenas requiring their testimony at deposition.

---

[1] Both parties and nonparties are subject to civil contempt for failure to comply with a court order or a subpoena. FED. R. CIV. P. 45(g); *See also White v. Uhler*, 2017 U.S. Dist. LEXIS 32867, at *7 (N.D.N.Y. Mar. 8, 2017).

3. Defendants initially caused a subpoena to be served on Mr. Beniquez on June 21, 2017 at his last known address, commanding his appearance for a deposition on July 25, 2017 at 1:30 p.m. at the undersigned's office. Service of the subpoena was compliant with FED. R. CIV. P. 45(b)(1). A copy of the executed subpoena—together with a duly executed and acknowledged affidavit of personal service—is attached as **exhibit "A."**

4. An appropriate witness fee was tendered to Mr. Beniquez on June 21, as reflected in the affidavit of service. *Exhibit "A."*

5. Though counsel for all parties appeared for Mr. Beniquez' deposition on July 25, Mr. Beniquez did not. He did not undertake any efforts to comply with the subpoena in a reasonable manner, and a motion to quash the subpoena was not made.

6. Defendants personally served Mr. Beniquez on August 21 with a further subpoena, again in full compliance with Rule 45(b)(1) and (2), compelling his testimony at deposition on August 29. A copy of this subpoena, as well as an affidavit reflecting appropriate service and tendering of fees, is attached as **exhibit "B."**

7. Once again, Mr. Beniquez failed to appear for his deposition, and similarly, a motion to quash the subpoena was not made.

8. Defendants attempted to serve a subpoena upon Tanasia Young on June 16, 2017, directing her to appear and to provide deposition testimony on July 26. A copy of the subpoena and affidavit of nonservice is attached as **exhibit "C."** The process server was unable to effect service at that time, as the current resident who identified herself only as "Latia" advised she did not know Ms. Young. *Exhibit "C," Affidavit of Nonservice.*

9.  Service of the same subpoena was again attempted as to Ms. Young on June 23 at an alternate address. *Exhibit "C."* The process server spoke with Ms. Young's sister, who denied knowing Ms. Young's whereabouts. *Exhibit "C," Affidavit of Nonservice.*

10. Defendants caused to be issued a second subpoena compelling Ms. Young's deposition testimony on August 29. Service was effected on Ms. Young on August 21 at her known residence via her co-occupant, who advised she is also Ms. Young's cousin. A copy of the subpoena and affidavit of service—reflecting compliance with FED. R. CIV. P. 45(b)(1)—is attached as **exhibit "D."**

11. Ms. Young failed to appear for deposition on August 29 notwithstanding appropriate service of the subpoena. Similar to Mr. Beniquez, she did not undertake any efforts to comply with the subpoena in a reasonable manner, and a motion to quash the subpoena was not made.

12. By reason of the foregoing witnesses' patent failure and refusal to comply with the subpoenas, defendants incurred costs and attorney's fees: (1) in preparing multiple subpoenas; (2) in serving the subpoenas; (3) in preparing for each witness's deposition; and (4) in creating transcripts of both parties' failure to appear at deposition. An affidavit setting forth these costs and fees—with detailed supporting invoices attached—will be provided to the Court *in camera* upon request.

13. In light of the foregoing, defendants respectfully request that the Court issue an order holding nonparty witnesses Efrain Beniquez and Tanasia Young in contempt of court until they comply with the subpoenas at issue—as well as any order

of compliance issued by the Court—and until they reimburse defendants for the costs and fees incurred by reason of their contemptuous conduct.

**W H E R E F O R E**, defendants City of Schenectady, Joseph Lima, Jonathan E. Moore, Gary Relation, and Christopher Semione respectfully request that this Court issue an order, pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, granting their motion for contempt in its entirety, together with such other, further, and different relief as the Court deems just and proper.

_____
WILLIAM C. FIRTH

Sworn to before me this
20th day of September, 2017.

_____
NOTARY PUBLIC – STATE OF NEW YORK

CARMELA S. AVELLINO
Notary Public, State of New York
Qualified in Albany County
No. 01AV5061652
Commission Expires June 10, 2018

4