**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTIAN BAEZ,

                  Plaintiff,

       - v -                                    Civ. No. 1:16-CV-853
                                                        (FJS/DJS)

CITY OF SCHENECTADY, *et al.*,

                  Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

THE KINDLON LAW FIRM, PLLC        GENNARO D. CALABRESE, ESQ.
*Attorney for Plaintiff*
52 James Street, 5th Floor
Albany, N.Y. 12207

CARTER, CONBOY LAW FIRM           WILLIAM C. FIRTH, ESQ.
*Attorney for Defendants*
20 Corporate Woods Boulevard
Albany, N.Y. 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### A. Background

    Plaintiff Christian Baez commenced this civil rights action on July 12, 2016, alleging an unconstitutional assault by one or more City of Schenectady police officers, while other officers allegedly failed to intervene. *See* Dkt. Nos. 1, Compl. & 28, Am. Compl. The Plaintiff further alleges claims of false arrest and malicious prosecution, as well as state law

claims. *Id.* A Rule 16 Initial Pretrial Conference was held with the Court, after which the Court issued a Uniform Pretrial Scheduling Order which called for all discovery to be completed by August 1, 2017. Dkt. No. 13. As part of the discovery process, the Defendants served deposition subpoenas, signed by defense counsel, upon two nonparty witnesses, Efrain Beniquez and Tanasia Young. Dkt. Nos. 37-2 & 37-5. For Mr. Beniquez, the initial deposition was noticed for July 25, 2017, and the subpoena was personally served upon Mr. Beniquez on July 21, 2017. Dkt. No. 37-2. With regard to Ms. Young, her deposition was noticed for July 26, 2017, but an affidavit of service indicates that service of the subpoena was not successful. Dkt. No. 37-4. Mr. Beniquez then failed to appear for the July 25, 2017 deposition. Dkt. No. 37-1, Aff. of William C. Firth, Esq., dated Sept. 20, 2017, at ¶ 5.

New subpoenas were then issued by Defendants for depositions of these two witnesses to occur on August 29, 2017. Dkt. Nos. 37-3 & 37-5. The subpoena was once again served upon Mr. Beniquez personally. Dkt. No. 37-3. The subpoena was served upon Ms. Young by delivering it to her usual place of abode, and by providing a copy to a co-occupant (her cousin), as well as mailing a second copy of the subpoena to her at that address. Dkt. No. 37-5. Once again counsel for the parties appeared at the time and place noticed for the deposition, and once again both witnesses failed to attend. Firth Aff. at ¶¶ 7 & 11. Counsel for both Plaintiff and Defendants were not noticed of any issues regarding the deposition, nor was a motion to quash made. *Id.*

On September 20, 2017, Defendants' counsel requested the Court issue an Order to

Show Cause regarding the two witnesses' alleged failure to comply with the deposition subpoena. Dkt. No. 37. That Order to Show Cause was signed by the Court on September 25, 2017. Dkt. No 39. The Order to Show Cause had a return date of October 30, 2017, at 10:00 a.m., at the James T. Foley Courthouse in Albany, New York. *Id.* Again, counsel for the parties appeared, but the two witnesses did not. Service of the Order to Show Cause was effectuated through nail-and-mail service. Dkt. Nos. 40 & 41.

### B. Relevance and Service

The Court concludes that the information sought to be obtained from the witnesses through the deposition process is relevant and material to the allegations and claims at issue in this case. At the most recent Court hearing, defense counsel proffered that the Plaintiff had maintained in his deposition that both Mr. Beniquez and Ms. Young were witnesses to the alleged assault. It was further said that the versions of events laid out by the Plaintiff and the Defendants is wholly contradictory, thus elevating the importance of any non-party witness testimony. Because the issue of what exactly happened at this time and place is both in significant dispute, and central to the case, I find that the information sought easily satisfies the standard of proportional relevance.

The Court has also reviewed the affidavits of service submitted by Defendants' counsel and concludes that proper service was made on witness Beniquez for both deposition notices as well as the Order to Show Cause, and on witness Young for the second deposition notice and the Order to Show Cause. Witness fees were tendered, and the location of the

deposotion was in all respects proper. Thus, the preliminary requirements of Rule 45 have been satisfied.

### C. Contempt

"A non-party witness who has disobeyed a court order may be held in civil contempt if the movant shows that '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, at *4 (N.D.N.Y. Oct. 24, 2011) (quoting *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)). The authority in the Federal Rules of Civil Procedure for the imposition of contempt sanctions against a non-party for failure to comply with a subpoena is Rule 45(g), which states as follows:

> **(g) Contempt**. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

"The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) *(citing Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008); *Beare v. Millington*, 2010

WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) ("Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." (internal citations omitted)). Therefore, a non-party who knowingly fails to comply with a duly issued and served subpoena for that individual's deposition and who provides no justification for his or her failure to appear may be found in contempt. *See Sprint Nextel Corp. v. Ace Wholesale, Inc.,* 2014 WL 4308355. at *1 (S.D.N.Y. Aug. 26, 2014); *Freund v. Weinstein*, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009).

"The principal purpose of a civil contempt adjudication is to compel compliance with a court order by imposing a sanction designed to convince the contemnor to end his or her defiance of the court order." *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, at *4; *see also In re Weiss*, 703 F.2d 653, 661 (2d Cir. 1983). Before imposing sanctions on a person charged with civil contempt, due process requires that the person be "entitled to notice of the allegations, the right to counsel, and a hearing at which the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934-35 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000). The present Order to Show Cause, of course, gave the witnesses an opportunity to be heard, but they did not appear for

the hearing. Therefore, it would be within the province of this Court to certify to the District Court[1] the salient facts upon which a contempt finding could be made: that the deposition subpoena and the Order to Show Cause were clear orders; that the evidence submitted to the Court by way of affidavits of service, as well as the failure of the witnesses to appear at the show cause hearing, establishes that these Court orders were disregarded; and that no reasonable explanation has been provided by Mr. Beniquez or Ms. Young that would excuse their failure to comply.

Nevertheless, because of the posture of this case, and the fact that the present Order to Show Cause was not personally served upon the witnesses and therefore there may be some question as to the actual notice provided to them, the Court declines to proceed with a contempt referral at this time. "An order of contempt leading to the imposition of sanctions is a drastic remedy." *Sterling Nat'l. Bank v. A-1 Hotels Int'l, Inc.*, 2004 WL 1418201, at *3 (S.D.N.Y. June 23, 2004). It is important that these two witnesses are forewarned of the serious consequences that may result from their continued failure to abide by this Court's orders and lawfully issued subpoenas. In particular, available sanctions can be of a coercive nature to secure future compliance with court orders, or to compensate the party that has been damaged by the non-compliance, or both. With regard to compensatory sanctions for bad faith conduct, these have traditionally included costs associated with service and attorneys

---

[1] Because this not a case where I, as the Magistrate Judge, am sitting by consent of the parties, I am not authorized to issue a final contempt order. 28 U.S.C. § 636(e). Rather, my function would be to certify facts relevant to the issue of contempt to the District Court. *NXIVM Corp. v. Bouchey*, 2011 WL 5080322 at *3.

fees for time expended in the failed deposition attempt. *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, at *6 (awarding costs, including attorneys' fees, associated with the preparation, filing, and argument of the motion for contempt); *Continental Ins. Co. v. Atlantic Casualty Ins. Co.*, 2008 WL 3852046 at *2 (S.D.N.Y. Aug. 13, 2008) (imposing costs for efforts to secure witness deposition).

With regard to coercive sanctions, the District Court has "broad discretion to design a remedy that will bring about compliance." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). That remedy can include a conditional jail term. *See generally Armstrong v. Guccione*, 470 F. 3d 89 (2d Cir. 2006) (upholding seven year period of coercive confinement of corporate custodian who failed to produce corporate property as ordered, and noting that "[t]he power to confine to coerce compliance with court orders is . . . a fundamental and well-established incident of judicial power . . . ."); *Verone v. Taconic Tel. Corp.*, 826 F. Supp. 632, 635-36 (N.D.N.Y. 1993) (ordering the plaintiff's attorney to pay $6,980.00 in costs and sanctions, and that if he failed to do so within 30 days, the United States Marshal would arrest him and hold him in confinement until such time as he satisfies the dictates of the order); *see also* 18 U.S.C. 401(3); 28 U.S.C. 1826(a); & N.D.N.Y. L.R. 83.5.

As an intermediary step prior to the certification of facts that might lead to a contempt finding, this Court is providing the two witnesses with one final opportunity to comply with the Court's Orders, and to fulfill their responsibility as fact witnesses in a pending litigation.

Accordingly, the Court directs Defendants' counsel to prepare new subpoenas, to be signed by the Court, for a deposition to occur on November 28, 2017 at Defendants' counsel's office located in Albany, New York. Defendants counsel shall be responsible for the service of process of these Court-ordered deposition subpoenas, together with a copy of this Decision and Order. In addition to the requirements of Rule 4, the Court is also requiring that a copy of the subpoena together with a copy of this Order also be transmitted to the witnesses via any known social media (i.e. Facebook), email, or text address. Plaintiff's counsel is directed to immediately provide to defense counsel any such additional contact information he or his client may possess concerning these witnesses. Finally, this Court will schedule a second Order Show Cause hearing to occur on November 30, 2017. The witnesses need not appear at the Order to Show Cause hearing if they have complied with the deposition subpoena and been deposed on November 28, 2017. If not, they are required to appear before this Court for the contempt hearing.

**WHEREFORE**, it is hereby

**ORDERED**, that the Defendants' Motion for Contempt (Dkt. No. 37) against non-parties Efrain Beniquez and Tanasia Young is **DEFERRED**; and it is further

**ORDERED**, that the deposition of Ms. Young and Mr. Beniquez is rescheduled to November 28, 2017, and the witnesses are directed to appear, be sworn, and participate in that deposition; and it is further

**ORDERED**, that Efrain Beniquez and Tanasia Young shall appear before the Court,

at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 12207, on November 30, 2017 at 10:00 am to show cause why they should not be held in contempt, unless before that time they appear for, and participate in, the above referenced depositions, and it is further

**ORDERED**, that counsel for Defendants is hereby directed to serve a copy of this Decision and Order upon Efrain Beniquez and Tanasia Young, together with the deposition subpoena.

**SO ORDERED**.

_____
Daniel J. Stewart
U.S. Magistrate Judge

Date:  October 31, 2017
       Albany, New York